IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE PAUL CALDWELL<br>    Plaintiff, | * * * | |
| v. | * * | Civil Case No. 1:05CV1122-M |
| J.W. SHELTON, in his individual capacity,<br>    Defendant. | * * | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Willie Paul Caldwell, by and through his attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the common law of Alabama to obtain declaratory and injunctive relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2. The violations of Plaintiffs' rights as alleged herein occurred in Coffee County, Alabama, and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Willie Paul Caldwell is a natural person over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama.

1

4. Defendant J.W. Shelton (hereinafter, "Shelton"), a further and better denomination of whom is presently unknown to Plaintiffs despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of the City of Elba, Alabama, and is a person whose conduct proximately and directly harmed Plaintiffs. Shelton is being sued in his individual capacity.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiffs' suffering as a consequence of the wrongs alleged herein.

## FACTS

6. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

7. On or about October 18, 2004, Plaintiff had been involved in a domestic dispute and had been the subject of a complaint made to police.

8. Following the dispute, Plaintiff was sitting in a chair on the front lawn of a house in the 600 block of Jackson Avenue within the city limits of Elba, Alabama.

9. Plaintiff was approached by a police officer who told Plaintiff that he was there to arrest Plaintiff.

10. Plaintiff inquired of the police officer as to the reason for the arrest.

11. While Plaintiff and the police officer were talking, defendant Shelton arrived in his police car.

12. Shelton leapt from his police car and yelled to the other police officer to, "get him."

13. Whereupon, Shelton and the other officer seized Plaintiff. Shelton struck Plaintiff twice in his face.

14. Plaintiff was immediately handcuffed.

15. After handcuffing Plaintiff, Shelton struck Plaintiff twice more in his face.

16. At no time did Plaintiff create a disturbance or resist arrest.

17. At no time did Plaintiff assault, offer to assault, threaten, or swing at any officer.

18. The force used by Shelton was gratuitous, malicious, designed to punish Plaintiff, and undertaken for no legitimate law enforcement reason.

19. Plaintiff suffered cuts, contusions, and lacerations about his head and face. He suffered great physical pain and suffering, severe emotional distress and mental anguish, and embarrassment and humiliation.

20. At all times material hereto, Shelton was performing as a police officer of Elba, Alabama, and was acting under color of law and pursuant to statutes of the State of Alabama and regulations, customs, procedures or policies of the police department of Elba, Alabama.

21. At the time of the events made the subject of this action, it was clearly established in the law that law enforcement officers may not use excessive and unreasonable force to seize a citizen.

22. At all times material hereto, any reasonable law enforcement officer would know that the use of force and the application of gratuitous pain against a person who at the time posed no danger to himself, any officer, or any member of the public is prohibited by the Fourth Amendment to the United States Constitution.

## CAUSES OF ACTION

23. Plaintiff expressly adopts as to each cause of action as if fully set forth therein each and all of the allegations in the preceding paragraphs.

### COUNT I – 42 U.S.C. § 1983 – UNREASONABLE FORCE

24. Shelton used force against Plaintiff.

25. The force Shelton used against Plaintiff was disproportionate, excessive and unreasonable.

26. At the time of his seizure, Plaintiff posed no danger to himself, to Shelton, or to anyone else.

27. Shelton knew that the application of force in circumstances such as described above would be disproportionate, excessive and unreasonable.

28. It was clearly established in the law at all times material hereto that the application of force in circumstances such as described above would be disproportionate, excessive and unreasonable.

29. Plaintiff had a right to be free from the use of unreasonable force pursuant to the guarantees of the Fourth Amendment to the United States Constitution.

30. At all times material hereto the right of Plaintiff to be free from the use of unreasonable force was clearly established.

31. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

32. Specifically, any reasonable law enforcement officer would have been aware that Shelton's conduct would violate a clearly established constitutional right, to wit: to be

free from the use of excessive and unreasonable force applied under color of law by a state actor.

33. Plaintiff has been injured and damaged thereby.

### COUNT II – ASSAULT AND BATTERY

34. Shelton touched Plaintiff in rudeness, in anger, or in a hostile manner.

35. Plaintiff did not consent to the said touching.

36. The touching administered by Shelton as against Plaintiff was unnecessary, excessive, unreasonable, gratuitous, and malicious.

37. Plaintiff has been injured and damaged thereby.

### PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth Amendment to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Enjoin the defendant from imposing punishment as against Plaintiff and further violating his federally protected rights;

c) Grant Compensatory damages in favor of Plaintiff as against Shelton of $1,000,000.00;

d) Grant Punitive damages to Plaintiff against Shelton in the amount of $1,000,000.00;

e) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

f) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorneys' fees and costs, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 22 day of November, 2005.

JAY LEWIS
KEITH ANDERSON NELMS
Plaintiffs' Attorneys

OF COUNSEL:
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (voice)
(334) 832-4390 (fax)
ASB-2014-E66J
J-Lewis@JayLewisLaw.com

**PLAINTIFF DEMANDS TRIAL BY JURY**