**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| WILLIE PAUL CALDWELL,     ) | |
|     PLAINTIFF,     ) | |
| ) | |
| vs.     ) | Case No: 1:05 CV 1122 M |
| ) | |
| J. W. SHELTON, in his individual     ) | |
| capacity,     ) | |
|     DEFENDANT.     ) | |

**ANSWER TO COMPLAINT**

Defendant J.W. Shelton answers the Plaintiff's Complaint to state as follows.

1. The Defendant admits that the Court has jurisdiction over this action, but denies the Plaintiff's substantive allegations against him.

2. Denied.

3. Admitted.

4. The Defendant admits that he is over the age of 19 years and is an employee of the City of Elba. The Defendant denies the remaining material allegations of this paragraph.

5. Denied.

6. The Defendant denies the material allegations of the foregoing paragraphs.

7. The Defendant admits that the plaintiff was the subject of a complaint made to police. The Defendant denies the remaining material allegations of this paragraph.

8. As it is phrased, the defendant can neither admit nor deny the allegations contained in this paragraph as the allegations are not limited as to time. Additionally, the Defendant lacks the necessary knowledge to answer this paragraph.

9. Denied.

10. Denied.

11. The defendant admits responding to a call for assistance. The Defendant denies the remaining material allegations of this paragraph.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. The Defendant admits that at all times material hereto, he was performing as a police officer of Elba, Alabama. He admits that he was acting under color of law. He affirmatively states that at all times his conduct was lawful, constitutional and proper. Nothing in this paragraph should be read as an admission of liability. The defendant denies the material allegations of the plaintiff's complaint.

21. Paragraph twenty-one (21) of the complaint states a conclusion of law to which no answer is required. To the extent an answer is deemed to be required and/or is deemed to allege misconduct on the part of the defendant, the defendant denies any misconduct.

22. Paragraph twenty-two (22) of the complaint states a conclusion of law to which no answer is required. To the extent an answer is deemed to be required and/or is

deemed to allege misconduct on the part of the defendant, the defendant denies any misconduct.

23. With respect to paragraph twenty-three (23) of the complaint, the defendant re-alleges his responses to the preceding paragraphs and incorporates the same herein by reference as if fully set forth.

24. The defendant admits that <u>reasonable</u> force was used against the plaintiff. The defendant denies the use of excessive or unreasonable force against the plaintiff.

25. Denied.

26. Denied.

27. The defendant lacks sufficient knowledge to respond to paragraph twenty-seven (27) of the complaint because it is unclear what the plaintiff means by the phrase, "circumstances such as described above." The defendant denies the material allegations of the plaintiff's complaint. The defendant denies the use of excessive or unreasonable force.

28. Paragraph twenty-eight (28) of the complaint states a conclusion of law to which no answer is required. To the extent an answer is deemed to be required and/or is deemed to allege misconduct on the part of the defendant, the defendant denies any misconduct.

29. Paragraph twenty-nine (29) of the complaint states a conclusion of law to which no answer is required. To the extent an answer is deemed to be required and/or is deemed to allege misconduct on the part of the defendant, the defendant denies any misconduct.

30. Paragraph thirty (30) of the complaint states a conclusion of law to which no answer is required. To the extent an answer is deemed to be required and/or is deemed to allege misconduct on the part of the defendant, the defendant denies any misconduct.

31. Paragraph thirty-one (31) of the complaint states a conclusion of law to which no answer is required. To the extent an answer is deemed to be required and/or is deemed to allege misconduct on the part of the defendant, the defendant denies any misconduct.

32. Paragraph thirty-two (32) of the complaint states a conclusion of law to which no answer is required. To the extent an answer is deemed to be required and/or is deemed to allege misconduct on the part of the defendant, the defendant denies any misconduct.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. The defendant denies that the plaintiff' is entitled to the relief requested in his prayer for relief.

39. The Defendant pleads contributory negligence.

40. The Defendant pleads assumption of the risk.

41. The Defendant pleads last clear chance.

42. The Defendant pleads immunity.

43. The Defendant pleads qualified immunity.

44. The Defendant pleads discretionary function immunity.

45. The Defendant pleads substantive immunity.

46. The Defendant pleads common law immunity.

47. The Defendant pleads Ala. Code § 6-5-338 (1975).

48. The Defendant pleads Ala. Code § 13A-3-23 (1975).

49. The Defendant pleads Ala. Code § 13A-3-27 (1975).

50. The Defendant pleads privilege.

51. The Defendant pleads that the Plaintiff cannot maintain an action for injuries sustained during the commission of a criminal offense.

52. The Defendant pleads estoppel.

53. The Defendant pleads self-defense.

54. The Defendant pleads defense of others.

55. The Defendant pleads justification.

56. The Defendant pleads the illegality of the Plaintiff's conduct.

57. The Defendant acted in good faith.

58. The Defendant pleads Ala. Code § 13A-3-23 (1975).

59. The Defendant pleads Ala. Code § 13A-3-28 (1975).

60. The Defendant pleads Ala. Code § 11-47-23 (1975).

61. The Defendant pleads Ala. Code § 11-47-190 (1975).

62. The Defendant pleads Ala. Code § 11-47-191 (1975).

63. The Defendant pleads Ala. Code § 11-47-192 (1975).

64. The Defendant pleads that the Plaintiff failed to file a sworn statement of claim ("ante litem notice") with the proper city official.

65. The Defendant pleads collateral estoppel.

66. The Defendant pleads the Rooker-Feldman doctrine.

67. The complaint fails to state a claim upon which punitive damages may be awarded.

68. Any award of punitive damages in this case will violate the constitutional safeguards provided under the Constitution of the State of Alabama.

69. Any award of punitive damages in this case will violate the constitutional safeguards provided under the Constitution of the United States of America.

70. Any award of punitive damages in this case will violate the constitutional safeguards provided under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

71. Any award of punitive damages in this case will violate Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

72. Any award of punitive damages in this case will violate the procedural safeguards provided under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently a civil defendant is entitled to the same procedural safeguards accorded to criminal defendants.

73.    It violates the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages, which are penal in nature, yet compel a defendant to disclose documents and evidence.

74.    It violates the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose punitive damages, which are penal in nature, yet compel a civil defendant to disclose documents and evidence.

75.    The punitive damages claim violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

 (d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America;

 (e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America; and

 (f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendant for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America.

76. The punitive damages claim violates the Due Process Clause of Article I, Section 6, of the Constitution of the State of Alabama on the following grounds:

 (a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

 (b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

77. The award of punitive damages in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

78. The complaint fails to state a claim for punitive damages under Alabama Code sections 6-11-20 to 6-11-30 and is barred.

79. Alabama's system for assessing punitive damages leads to awards that are so grossly excessive as to constitute an arbitrary deprivation of life, liberty, or property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Further, there is not fair notice of the magnitude of the sanctions that may be imposed under Alabama's system for assessing punitive damages. <u>BMW of N. Am., Inc. v. Gore</u>, 116 S. Ct. 1589 (1996).

80. The award of discretionary, compensatory damages for mental suffering violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of

equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution for the following reasons:

  (i)  It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

  (ii)  It fails to provide specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  (iii)  It results in the imposition of different compensation for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  (iv)  It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

 (b)  The award of discretionary compensatory damages for mental suffering to the plaintiff violates the Due Process Clause of Article

I, Section 6 of the Constitution of Alabama on the following grounds:

(i) It fails to provide a limit on the amount of the award against the defendant;

(ii) It is unconstitutionally vague;

(iii) It fails to provide specific standards in the amount of the award of such damages; and

(iv) It constitutes a deprivation of property without due process of law.

81. The defendant pleads failure to mitigate damages.

82. The defendant pleads the Plaintiff's claims are barred by his own misconduct.

83. The defendant pleads privilege as a defense.

84. The defendant pleads the plaintiff's lack of good faith.

Dated this the 28th day of December, 2005.

/s/ R. Todd Derrick
R. Todd Derrick
Attorney for Defendant

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
Telephone: (334) 677-3000
Facsimile (334) 677-0030

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day mailed a copy of the foregoing, properly addressed and postage prepaid to the following:

This the 28th day of December, 2005.

                                      /s/ R. Todd Derrick
                                      R. Todd Derrick